# 23-1078 CV

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

MICHAEL GRECCO PRODUCTIONS, INC.,

*Plaintiff-Appellant,*

v.

RUTHIE DAVIS, INC., RADESIGN, INC., DAVIS BY RUTHIE DAVIS, INC.,

RUTHIE ALLYN DAVIS, and DOES 1-5,

*Defendant-Appellee.*

On Appeal from the United States District Court
for the Southern District of New York
Hon. Ronnie Abrams
No. 21-CV-8381

## REPLY BRIEF OF APPELLANT

Bruce Bellingham
**SPECTOR GADON ROSEN
VINCI, PC**
1635 Market Street, 7th floor
Philadelphia, PA  19103
215.241.8916
215.241.8844 *fax*
bbellingham@sgrvlaw.com

*Attorney for Plaintiff-Appellant Michael Grecco Productions, Inc.*

# TABLE OF CONTENTS

I.      Introduction…………………………………….…………………………1

II.     The Discovery Rule Applies…………………………………………….2

III.    MGP's Complaint Need Not Anticipate and Refute
        an Anticipated Statue of  Limitations Affirmative Defense. …………..…3

IV.     The Discovery Rule Applies To "Sophisticated" Copyright Plaintiffs….8

V.      Conclusion………………………………………………………..…17

CERTIFICATE OF COMPLIANCE

# TABLE OF AUTHORITIES

**Cases**

*Castle Rock Ent. v. Carol Pub. Grp., Inc.*,
  955 F. Supp. 260 (S.D.N.Y. 1997) ...... ...................................................…15

*D.C. Comics Inc. v. Mini Gift Shop*,
  912 F.2d 29 (2d Cir. 1990)………………………………………………..13

*Design Basics, LLC v. Roersma & Wurn Builders, Inc.*,
  2012 WL 1830129 (W.D. Mich. 2012) ........................................................11

*Energy Intelligence Grp., Inc. v. Scotia Capital* (USA) Inc.,
  2017 WL 432805 (S.D.N.Y. Jan. 30, 2017………………………………….3

*Gaffney v. Muhammed Ali Enter., LLC,*
  2021 WL 3542256 (S.D.N.Y. Aug. 10, 2021) ...............................................8

*Little Mole Music v. Spike Inv., Inc*.,
  720 F. Supp. 751 (W.D. Mo. 1989)…………………………………….…13

*Hirsch v. Rehs Galleries, Inc.,*
  2020 WL 917213 (S.D.N.Y. Feb. 26, 2020) .......................................5, 6, 16

*Masi v. Moguldom Media Grp. LLC*,
  2019 WL 3287819 (S.D.N.Y. July 22, 2019)…………………………….3, 14

*Michael Grecco Prods., Inc. v. RADesign, Inc.*,
  2023 WL 4106162 (S.D.N.Y. June 20, 2023)……………………………….16

*Minden v. Buzzfeed, Inc.,*
  390 F. Supp. 3d 461 (S.D.N.Y. 2019) ......................................7, 10, 14, 16, 17

*Parisienne v. Scripps Media, Inc.,*
  2021 WL 3668084 (S.D.N.Y. 2021) .......................................................13, 15

*Petrella v. Metro-Goldwyn-Mayer, Inc.*,
  572 U.S. 663 (2014) .......................................................................2, 3

*PK Music Performance v. Timberlake*,
  2018 WL 4759737 (S.D.N.Y. Sept. 30, 2018) ..................................................8

*Psihoyos v. John Wiley & Sons, Inc.,*
  748 F.3d 120 (2d Cir. 2014) ...........................................................................2, 3

*Rotkiske v. Klemm*,
  589 U.S. --, 140 S. Ct. 355, 360 (2019) ............................................................3

*Sohm v. Scholastic Inc.*,
  2018 WL 1605214 (S.D.N.Y. Mar. 29, 2018)…………………………………3

*Sohm v. Scholastic Inc.*,
  959 F.3d 39 (2d Cir. 2020) …………………………………………………………3

*Stokes v. Honeydu, Inc.*,
  2023 WL 2628685 (C.D. Cal. Feb. 9, 2023)…………………………….…7

*Warner Bros. Inc. v. Dae Rim Trading, Inc.*,
  877 F.2d 1120 (2d Cir. 1989)………………………………………...13

*William A. Graham Co. v. Haughey*,
  568 F.3d 425 (3d. Cir. 2009) ...........................................................................2, 12

*Wu v. John Wiley & Sons, Inc.*,
  2015 WL 5254885 (S.D.N.Y. Sept. 10, 2015)…………………………….11

# I.    INTRODUCTION

Appellant Michael Grecco Productions ("MGP") argued that the District Court erred when it granted Appellee RADesign's 12(b)(6) motion to dismiss with prejudice because MGP plausibly pleaded the elements of a copyright infringement claim and did not plead any fact that, on the face of the Complaint, established RADesign's right to judgment on its statute of limitations affirmative defense. MGP pleaded that it discovered the August 2017 infringements in February 2021 and commenced a timely action within eight months. By granting RADesign's motion to dismiss with prejudice the court assumed that amendment would be futile as MGP admitted that it actively enforces its copyrights. The lower court thus excused RADesign from proving its limitations defense with evidence that MGP was on inquiry notice of RADesign's infringements – distinct from its admitted awareness of infringements generally – and the Court applied a modification of the Second Circuit discovery rule by holding that it does not apply to "sophisticated" rights owners.

In response, RADesign argues that (1) the Second Circuit's discovery rule is bad law that is likely to be overruled by the Supreme Court, *see* Appellant's Brief at 13-17; (2) to plausibly plead an copyright infringement claim MGP had to not only allege facts supporting its claim, it also had to plead facts "to explain that it could not have discovered the alleged infringement sooner" to refute an anticipated

limitations affirmative defense, *id.* at 18-23; (3) and (4) because MGP is a "sophisticated" copyright owner, it may be charged with constructive knowledge of RADesign's infringements without RADesign having to prove any facts showing that MGP was actually on inquiry notice of RADesign's infringements, *id.* at 24-30. Those arguments lack merit.

## II. THE DISCOVERY RULE APPLIES.

The Second Circuit has long recognized the discovery rule under which "copyright infringement claims do not accrue until actual or constructive discovery of the relevant infringement." *Psihoyos v. John Wiley & Sons, Inc.*, 748 F.3d 120, 125 (2d Cir. 2014). Thus, a "diligent plaintiff should discover the injury forming the basis of an action when, and only when, the plaintiff is put on inquiry notice of the infringement." *William A. Graham Co. v. Haughey,* 568 F.3d 425, 438 (3d Cir. 2009).

RADesign nonetheless argues for the injury rule. *See* Appellees' Brief at 14. Under this interpretation, the copyright infringement is "only actionable within three years . . . of its *occurrence.*'" *Petrella v. Metro-Goldwyn-Mayer, Inc.*, 572 U.S. 663, 671 (2014); Appellees' Brief at 14. RADesign attempted to support their claim that the injury rule should be applied over the discovery rule because of the decision in *Rotkiske v. Klemm,* 140 S. Ct. 355, 357, 360 (2019).

Numerous courts in the Second Circuit have held that *Petrella* does not abrogate established circuit law on the applicability in copyright cases of the discovery rule." *Psihoyos v. John Wiley & Sons, Inc.*, 748 F.3d 120, 124 (2d Cir. 2014); *Sohm v. Scholastic Inc.*, 2018 WL 1605214, at \*10 (S.D.N.Y. Mar. 29, 2018); *Energy Intelligence Grp., Inc. v. Scotia Capital* (USA) Inc., 2017 WL 432805, at \*2 (S.D.N.Y. Jan. 30, 2017); *Masi v. Moguldom Media Grp. LLC*, 2019 WL 3287819, at \*6 (S.D.N.Y. July 22, 2019). This Court has explained that the *Rotkiske* holding that the injury rule applies to the limitations provision in the  Fair Debt Collection Practices Act ("within one year from the date on which the violation *occurs*") does not apply to the limitations provision in the Copyright Act ("commenced within three years after the claim *accrued*.") *Sohm v. Scholastic Inc.*, 959 F.3d 39, 50 (2d Cir. 2020)(emphasis added).

## III.  MGP'S COMPLAINT NEED NOT ANTICIPATE AND REFUTE AN ANTICIPATED STATUE OF LIMITATIONS AFFIRMATIVE DEFENSE.

MGP argues that the order dismissing the Complaint with prejudice erred because MGP's Complaint does not admit any facts showing that MGP either knew of RADesign's infringement earlier or was chargeable with such knowledge because it knew of information ("storm warnings") that put MGP on inquiry notice of RADesign's infringements.

Rhetoric aside[1], RADesign's answer is that it does not need to prove its affirmative defense because MGP has the burden, in its initial pleading, to invoke the discovery rule by anticipating and refuting the limitations defense. *See* Appellees' Brief at 18-19. It admits that its right to judgment as a matter of law must be "clear from the fact of the complaint and judicially noticed materials that plaintiff's claims are time-barred." *See* Appellees' Brief at 18–19, *quoting Hirsch v. Rehs Galleries, Inc.*, 2020 WL 917213, at *3 n.4 (S.D.N.Y. Feb. 26, 2020). However, *Hirsch* explained *what* must be clear for a defendant to raise a limitations defense in a pre-answer motion is that "the *dates in a complaint* show that an action is barred by a statute of limitations…." *Id.* at *3 (emphasis added). The dates in MGP's Complaint show that MGP commenced suit within eight months of discovering the infringement. RADesign may, of course, contest that allegation. But it cannot do so in a motion to dismiss as the *Hirsch* court cautioned that the "'pleading requirements in the Federal Rules of Civil Procedure... do not compel a litigant to anticipate potential affirmative defenses, such as the statute of limitations, and to affirmatively plead facts in avoidance of such defenses,' but

---

[1] RADesign asserts that "MGP has not been asked to anticipate and plead around an affirmative defense." *See* Appellees' Brief at 8. But, within two sentences, it admits its contention is that, in pleading an infringement claim, "it is incumbent on MGP to explain why, contrary to the facts alleged and inferences drawn, it could not have discovered the infringement sooner in order to properly invoke the Discovery Rule." *Id*.

instead that Defendant's bear this burden of proof." *Id.* RADesign's argument that "MGP pled no facts tending to explain that it could not have discovered the alleged infringement sooner", *see* Appellee's Brief at 18, finds no support in *Hirsch*.

RADesign argued that "[i]t was incumbent upon MGP to plead not only that it did not actually discover the infringement until three years prior to the filing of the Complaint, but also facts that support a plausible inference that it should not have been expected to discover the infringement within the three-year period prior to the Complaint." *Id*. at 10. In attempting to discount MGP's argument that the lower court made a technical assumption about image detection, RADesign argued that "[i]f any of these speculations were relevant to why MGP was unable to detect this open and notorious infringement in light of its expertise and sophistication, then it was incumbent upon MGP to so plead." *Id.* at 22. RADesign seeks to shift to MGP a burden to anticipate and rebut, in its Complaint, RADesign's statute of limitations affirmative defense. In doing so RADesign does not engage or distinguish MGP's authorities holding that a copyright plaintiff has no such burden. *See* Appellant's Brief at 8.

In the universe of copyright cases and other authorities, RADesign finds nothing to support her burden-shifting argument outside the recent line of cases – almost exclusively in the Southern District of New York – following *Minden Pictures, Inc. v. Buzzfeed, Inc.,* 390 F. Supp. 3d 461 (S.D.N.Y. 2019). *See*

Appellees' Brief at 19-20. It failed to contest any of the points raised about those few cases by MGP: (1) that the imputation of want of diligence to plaintiffs who are most active in enforcing their rights is strained, *a priori,* and non-evidentiary; and (2) that the cases fail to engage established law holding that, to satisfy their burden to prove a limitations defense, copyright defendants must prove that plaintiffs were on inquiry notice of the defendant's infringement – not merely that they were on notice of infringements in general. *See* Appellant's Brief at 15-19.

In an attempt to neutralize cases holding that plaintiffs have no burden to anticipate affirmative defenses, RADesign argues that the cases that denied defendants' motions to dismiss based on the discovery rule did so because the plaintiffs pleaded "factual allegations seeking to explain the delay." *See* Appellees' Brief at 20. It cites *Gaffney v. Muhammad Ali Enterprises LLC*, 2021 WL 3542256 (S.D.N.Y. Aug. 10, 2021). In that case the motion was not dismissed because the plaintiff pleaded an explanation for the delay. *Gaffney* noted that "*Defendants* do not point to any conduct, outside of having a prior licensing agreement, which would evidence that Plaintiff discovered or should have discovered the alleged infringement earlier than March 2018." *Id*. at *3 (emphasis added). There is no suggestion that *the plaintiff* did, or should have done, anything but plead the elements of its infringement claim. The court considered, but did not credit, the defendant's explanations. In *PK Music Performance, Inc. v. Timberlake*, 2018 WL

4759737 (S.D.N.Y. Sept. 30, 2018) the single accrual fact *pleaded in the complaint* was that plaintiff "first discovered that the music in Damn Girl was copied from [Day] in August 2015." *Id*. at *7. The parties treated the motion to dismiss as a motion for summary judgment with declarations with documents attached, screenshots, affidavits, etc., much of which the court rejected. *Id*. at *5. The court accepted as true only facts outside the complaint if "they are reasonable inferences from the allegation in the Complaint that McQuinton 'first discovered that the music in Damn Girl was copied from [Day] in August 2015.'" That single pleading allegation – identical to MGP's allegation that it discovered RADesign's infringement on February 8, 2021– supported denial of the motion to dismiss. In *Stokes v. Honeydu, Inc*., 2023 WL 2628685 (C.D. Cal. Feb. 9, 2023) the plaintiff did plead facts stating "why he could not have discovered the allegedly infringing uses sooner…" *Id*. at 2. The case does not say or imply that the plaintiff had to do so and, significantly, the referenced facts were pleaded in a second amended complaint. MGP could have pleaded equivalent facts (though requiring a pleading to refute an anticipated affirmative defense would be an error). But the lower court dismissed its Complaint with prejudice.[2] Its holding – and RADesign's position

---

[2] RADesign contends that MGP waived on appeal any contention that the Court erred by dismissing is Complaint with prejudice because it did not raise the issue below. *See* Appellee's Brief at 23. Thus, MGP should have contested an error before it occurred. Remand with instructions to amend would substitute a less prejudicial error for a worse one.

when candid with the tribunal – is that MGP can never meet its alleged burden to refute RADesign's affirmative defense because it is a sophisticated copyright owner subject to the injury rule not the discovery rule.

## IV.  THE DISCOVERY RULE APPLIES TO "SOPHISTICATED" COPYRIGHT PLAINTIFFS.

RADesign argues that it may prevail on a motion to dismiss MGP's Complaint without proving, or even alleging, that MGP had any information placing it on inquiry notice of RADesign's infringements.  It may do so, it argues, because MGP is a sophisticated copyright owner that enforces its rights. *See* Appellee's Brief at 24 ("MGP is held to have precisely the 'special knowledge' about copyright infringement that it claims to have in its own complaint. If it is treated as a sophisticated expert, it is because it pled that it is one, and the allegations are taken as true on a motion to dismiss.") The argument is that MGP's admitted knowledge of other infringers' violations – of infringement in general – suffices to charge it with a legal fiction that it had knowledge of RADesign's specific infringements as soon as they occurred.  RADesign  argues that MGP "incorrectly 'assume[d] that defendant-specific storm warning[s] are the *only* means by which it is reasonable to expect a copyright [owner] to have constructive knowledge of an infringement." *See Appellees' Brief* at 25.

In making this argument – the core premise of the *Minden* line of cases – RADesign does not respond to MGP's arguments that any legally cognizable

evidence of "inquiry notice" sufficient to show that a plaintiff "should have known" of an infringement is necessarily defendant-specific. *See* Appellant's Brief at 11-12. As none of the *Minden* cases address this issue of law, no law supports RADesign's argument that constructive notice of an infringement may be imputed absent *any* notice that the specific infringement occurred.

RADesign relies on *Design Basics, LLC v. Roersma & Wurn Builders, Inc.*, 2012 WL 1830129 (W.D. Mich. 2012) for its claim that a copyright owner may be charged with knowledge of an infringement at the date of first injury *unless* the "infringement is initially remote, concealed or not subject to reasonable discovery by an unsuspecting copyright holder in his everyday routine." *See Appellees' Brief* at 25.

*Design Basics* does not support RADesign. First, it decided cross motions for summary judgment after discovery, not a motion to dismiss. Second, *Design Basics* held that the copyright owner's motion for partial summary judgment *against* the infringer's limitations defense was *granted* because, *and only because*, the plaintiff pleaded the date he discovered the infringing works on the internet and he defendant found "no evidence to suggest that Plaintiff in the case at bar possessed knowledge of alleged infringement by Defendants more than three years prior to the time it commenced this action." *Id*. at *3-4. Third, while RADesign seizes on the magistrate judge's phrase "remote, concealed or not subject to

reasonable discovery by an unsuspecting copyright holder in his everyday routine"
(for which the court cites no authority) as if it supported scaling back the discovery
rule, the *Design Basics* decision *granting* summary judgment to the plaintiff
against the "should have known" limitations defense indicates that judge thought
that infringements on the vast internet *were* remote, concealed or not subject to
reasonable discovery. *Id*. at \*3-4. The case aligns with the ample authority holding
that copyright owners need not "scour the internet" for infringements and are not
chargeable with constructive knowledge of its ambit. *See* Appellant's Brief at 14,
fn. 3.

      RADesign  argues that "storm warnings" are "most useful when an
infringement is hidden, confidential or difficult to find, or when an unsophisticated
and poorly resourced plaintiff has neither the reason nor the wherewithal to
investigate the infringement." *See Appellees' Brief* at 26. "Storm warnings" is a
metaphor for information putting an owner on inquiry notice that an infringement
might have occurred. The notion that such information is "most useful," but not
really necessary, in deciding whether an owner should have discovered an
infringement is unsupported by any law.  RADesign cannot adduce a single case
supporting its argument that, as a matter of law, an owner "should have"
discovered an infringement about which it had no information.

Finding no supporting cases, RADesign attempts to distinguish cases

holding that plaintiffs were not on sufficient inquiry notice. It cites *William A.*

*Graham Co. v. Haughey*, 568 F.3d 425 (3d Cir. 2009)(reversing judgment for the

defendant after reviewing each "storm warning" identified by the District Court, all

relevant to the specific infringement, and finding that none sufficiently placed the

plaintiff on notice to support summary judgment for defendant on its limitations

defense) and *Wu v. John Wiley & Sons, In*c., 2015 WL 5254885, at *6 (S.D.N.Y.

Sept. 10, 2015)("Wu's knowledge about publishers generally is not sufficient to

constitute constructive discovery of infringement by Wiley.") The discussion is

makeweight as RADesign does not distinguish the facts in those cases from any

facts that may have placed MGP on inquiry notice of RADesign's infringements

(because there are none).

RADesign also relies on *dicta* in cases that denied limitations defenses. It

argues that those cases "have expressly acknowledged that plaintiffs may

reasonably be held to be on constructive notice of infringements as of the date they

have access to the image searching technological tools…" *See* Appellees' Brief at

28. They did not.

In *Parisienne v. Scripps Media, Inc*., 2021 WL 3668084 (S.D.N.Y. Aug. 17,

2021) the defendant infringed a photograph by an internet publication. The

defendant argued that the author should have discovered its infringement when it

was first published because it credited him by name. The court rejected that because "Scripps fails to identify any inquiry notice or 'storm warning' which should have prompted Parisienne to conduct a 'reasonably diligent investigation' on this date." *Id.* at *4. That counters RADesign's core argument that MGP "should have known" of RADesign's infringements without "storm warnings" because it is "sophisticated." The infringer then argued that the author should have discovered the infringement as early as September 21, 2016, when the author hired specialist counsel who detected infringements. The court ruled that "[t]hese arguments completely fail for the simple reason that, even if Scripps is right and Parisienne should have discovered the infringing conduct as early as September 21, 2016… his claims would still not be time barred as they were filed on September 16, 2019…"

After thus deciding the motion, the court went on, in *dicta*, to discuss the unsuccessful defendant's reliance on *Minden*. It distinguished plaintiff Parisienne's case because, even if *Minden* was rightly decided, it was inapplicable where Parisienne engaged in no investigation earlier than three years before suit. The Court's demonstration that a litigant's argument is self-refuting is not an endorsement of the losing argument. *Parisienne* stressed that plaintiffs "simply need to have a suspicion *of the injury* and its cause to be put on inquiry notice", *id*. at *4, *i.e*, not suspicion of *any* injuries. It collected cases in which courts

considered the sophistication of parties, none of which impute constructive notice

of an infringement to a copyright owner which was not on inquiry notice.[3]

*Parisienne* denied that the owner had any duty to police the internet for

infringements and stressed that "[t]o dispute the date on which the claims accrued

in copyright cases, a defendant must produce evidence 'that would have been

sufficient to awaken inquiry.'" *Id*. at *3. It stressed the defendant's burden,

concluding that "it is not 'clear from the face of the complaint ... that [Parisienne's]

claims are barred as a matter of law,' and there is 'some doubt as to whether the

dismissal is warranted,' especially considering that Defendant bears the burden of

proof when raising the statute of limitations as an affirmative defense'", *id*. at *5

(citation omitted).

---

[3] *D.C. Comics Inc. v. Mini Gift Shop*, 912 F.2d 29, 35 (2d Cir. 1990)(*pro se* recent immigrants from Asia who spoke little or no English who sold unlicensed Batman merchandise at flea markets could be "innocent infringers" based on ignorance); *Warner Bros. Inc. v. Dae Rim Trading, Inc*., 877 F.2d 1120, 1126 (2d Cir. 1989)(decision to award copyright owner $100 in statutory damages in copyright infringement action was justified by vexatious conduct of owner); *Little Mole Music v. Spike Inv., Inc*., 720 F. Supp. 751, 755 (W.D. Mo. 1989)(experienced juke box operators were not innocent infringers when they took over a company "in shambles" with no semblance of having procured licenses); *Castle Rock Ent. v. Carol Pub. Grp., Inc*., 955 F. Supp. 260, 267 (S.D.N.Y. 1997)(experienced publisher of book copying material from *Seinfeld* after specific warning could be willful infringer). The factors of abusive commercial conduct or profound ignorance have no application to MGP's Complaint alleging that it created and licensed the images for payment and that its infringer runs a sophisticated commercial business which ignored pre-suit attempts to negotiate back-licenses for the uses.

RADesign's perception of a silver lining in *Masi v. Moguldom Media Grp. LLC*, 2019 WL 3287819, at \*6 (S.D.N.Y. July 22, 2019) is also misconceived. *Masi* found no triable issue of fact on when Plaintiff discovered, or should have discovered, the infringement because *he said* he discovered it within the limitations period and "Defendant provides no other evidence to show that Plaintiff was on notice of infringement before he says he was." After thus deciding the case, the *Masi* court stated, in *dicta,* that "[a]t the earliest, Plaintiff might arguably have been on inquiry notice of infringement in late 2015—which would still be within the limitations period—when he started searching the internet for infringements of his works generally and then began registering his works." A court demolishing a litigant's argument in *dicta,* by showing that it fails even on its own terms, is not an endorsement of the legal theory being demolished.

Just so, in *Hirsch v. Rehs Galleries, Inc*., 2020 WL 917213 (S.D.N.Y. Feb. 26, 2020), the defendant moved to dismiss arguing that, when the plaintiff discovered one infringement by defendant, plaintiff was on notice to discover another infringement; and he was also on notice as soon as he hired counsel specializing in detecting infringements. The holding was that "[t]hese arguments completely fail for the simple reason that, even if Defendant is right and Plaintiff should have discovered the infringing conduct as early as March 27, 2016, or February 6, 2016, his claims would still not be time-barred…" *Id*. at \*5. Again, a

court showing that a litigant's position is self-refuting on the facts does not imply support for the litigant's position had it not been refuted. The District Court's acknowledged that these cases run counter to the *Minden* line that it adopted. *Michael Grecco Prods., Inc. v. RADesign, Inc.*, 2023 WL 4106162, at *3 (S.D.N.Y. June 20, 2023).

The "storm warnings" cases hold that, to prevail on a limitations affirmative defense under the discovery rule, a defendant must show that the copyright owner/plaintiff was *actually* on inquiry notice of the defendant's infringement. Ultimately, RADesign dismisses the case law as not "relevant":

> [T]he relevant question is not *whether* a duty to investigate had been triggered. The relevant question is whether, *given* that (i) MGP was already investigating and scouring the internet for infringements with advanced technologies, (ii) MGP was an expert in doing so and very experienced in enforcing its copyrights, and (iii) the alleged infringement was open, notorious and publicly available, it was reasonable – or plausible – that MGP still was unable to have found the alleged infringement. The District Court correctly found no.

*See* Appellees' Brief at 27-28. What RADesign means is that the majority rule analysis of when copyright owners can be charged with constructive knowledge of infringements is not relevant to the minority rule decisions following *Minden*. That is certainly true.

Bracketing off legerdemain[4], RADesign reverts to the premise of the *Minden* line of cases reserving the discovery rule for unsophisticated rights owners so that infringers need prove nothing to overcome the discovery rule except that the infringed rights owner is "sophisticated."

RADesign also attempts to make a public policy argument that "[i]f a seasoned litigator who is in fact scouring the internet for infringements had no obligation to explain why online infringement was outside of its reach to identify within three years, it would be tantamount to having no statute of limitations at all." *See* Appellees' Brief at 30. Looking past the hyperbole, this presupposes that the motion to dismiss was wrongly granted because whether MGP can or cannot explain why it did not discover the infringement earlier than it did is a subject for discovery. However, on that mystery, the brief by *Amici* contains a spoiler.

---

[4] MGP did not plead that it "investigated" RADesign's infringements before they were discovered; it did not plead that MGP was using "advanced technologies"; it did not plead that MGP was an expert in using advanced technologies; and the assertion that anything on the entire internet is "open, notorious and publicly available" is contradicted by the actual reasoning of the magistrate judge who formulated the phrase in *Design Basics*. He decided that material on the internet was "remote, concealed or not subject to reasonable discovery" when holding that plaintiff was entitled to summary judgment against a "should have known" limitations defense *because* plaintiff pleaded the date he discovered online infringement.

# V.  CONCLUSION

For the foregoing reasons, the judgment of the District Court should be reversed, and the case remanded further proceedings.

**SPECTOR GADON ROSEN VINCI, PC**

/s/ Bruce Bellingham
Bruce Bellingham
1635 Market Street, 7th floor
Philadelphia, PA  19103
215.241.8916
215.241.8844 fax
bbellingham@sgrvlaw.com
Attorney for Michael Grecco Productions, Inc.

# CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 32(a)(7)(C), I certify that:

This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because this brief contains 3,944 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionately spaced typeface using Microsoft Word Times New Roman 14-point font.

Dated: November 17, 2023                     /s/ Bruce Bellingham
                                             Bruce Bellingham
                                             Attorney for Michael Grecco
                                             Productions, Inc.